UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BRYAN JOSEPH LAYTON, | ) | |
| Institutional ID No. 1327930, | ) | |
| SID No. 6144600, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:14-CV-050-BG |
| BRAD LIVINGSTON, | ) | ECF |
| Executive Director of TDCJ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, Plaintiff Bryan Joseph Layton, *a.k.a.* Mary Kathleen Layton, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during his incarceration at the Montford Unit (Montford) of the Texas Department of Criminal Justice (TDCJ).[1]  Thereafter, the United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings pursuant to 28 U.S.C. § 636(b)(1).  The undersigned reviewed authenticated records from TDCJ and conducted a preliminary screening on June 17, 2014, as directed by 28 U.S.C. § 1915(e)(2) and pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).  At the hearing, Layton consented to proceed before the undersigned magistrate judge. After reviewing Layton's Complaint, authenticated records from TDCJ, Layton's testimony at the *Spears* hearing, and the applicable law, the court

---

[1] The court acknowledges that Layton prefers to be referred to as Ms. Layton; however, because Layton is officially classified as a male in the TDCJ system, the court will use the male pronoun in this Report and Recommendation.

1

determined that Layton's allegations survived preliminary screening.

The court thereafter entered an order to answer as to the Defendants on June 8, 2014. Along with the order, the clerk forwarded a consent form and instructions to the Defendants regarding their right to proceed in this action before the United States Magistrate Judge.

Defendants Marion Williams, D.O. and Patricia Aristimuno, M.D. filed an original answer with jury demand on August 11, 2014 (ECF No. 14). Defendants Williams and Aristimuno subsequently filed an amended answer and a second amended answer (ECF Nos. 17, 23). Defendants Brad Livingston and Robert Stevens filed motion to dismiss on August 11, 2014 (ECF No. 15). As of this date, no consent has been filed with the court on behalf of any of the Defendants.

Now before the court is Layton's Motion to Dismiss. Because the Defendants have not consented to proceed before a magistrate judge, the undersigned files this Report and Recommendation.

I.     **Discussion**

Layton filed the motion to dismiss on March 3, 2015, stating that he no longer desires to prosecute his claim. The court may therefore dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

II.    **Recommendation**

The undersigned recommends that the United States District Court grant Layton's motion and dismiss this action without prejudice and deny all other pending motions as moot.

III.   **Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file

specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   March 5, 2015.

                                      NANCY M. KOENIG
                                      United States Magistrate Judge