IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BRYAN JOSEPH LAYTON, <br> TDCJ ID No. 1327930, <br> SID No. 6144600, <br><br> Plaintiff, <br><br> v. <br><br> BRAD LIVINGSTON, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § | <br><br><br><br><br> CIVIL ACTION NO. <br> 5:14-CV-00050-C <br><br><br><br> ECF |

## ORDER

Plaintiff Bryan Joseph Layton, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on April 11, 2014, and was subsequently granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. By Order dated April 30, 2014, the complaint was transferred to the docket of the United States Magistrate Judge for judicial screening pursuant to 28 U.S.C. §§ 1915 and 1915A. The Magistrate Judge conducted an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), but despite the April 30 Order's specific instruction to transfer the case back to this Court's docket "within 120 days from the date of the Order" if any defendant failed to consent to proceed before the Magistrate Judge, the Magistrate Judge did not file a Report and Recommendation and transfer the case back to this Court's docket until March 5, 2015, over 300 days after April 30, 2014.

When the Magistrate Judge filed the Report and Recommendation on March 5, 2015, the following motions were pending:

(1) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Robert Stevens and Brad Livingston on August 11, 2014;

    (2)    Motion to Appoint Counsel filed by Plaintiff Layton on September 11, 2014;

    (3)    Motion to File Amended Complaint filed by Plaintiff Layton on September 11, 2014;

    (4)    Motion for Summary Judgment filed by Plaintiff Layton on September 11, 2014; and

    (5)    Motion to Dismiss filed by Plaintiff Layton on March 3, 2015.

The Report and Recommendation failed to address any of these motions except Plaintiff's Motion to Dismiss filed on March 3, 2014. Although the Magistrate Judge cursorily recommended that the Court grant Plaintiff's Motion to Dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), the Magistrate Judge failed to make any findings of fact or discuss the motion to voluntarily dismiss this civil action. The Court **declines** to adopt the Magistrate Judge's Report and Recommendation because Plaintiff's claims against Defendants Marion Williams and Patricia Aristumuno may not be dismissed under Rule 41(a)(2).

## I.
## Plaintiff's Motion to Dismiss

In his Motion to Dismiss, Plaintiff simply states "Could you please dismiss the suit or tell me how to do so?" He provides no reasons or explanation for the request and he does not cite to any legal authority for his request.

Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of an action by a plaintiff or by court order. Fed. R. Civ. P. Ann. 41(a)(1)-(2) (West's 2008). "Rule 41(a)(1) 'on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant's service of an answer or motion for summary judgment,'" *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) (quoting *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 915 (5th Cir. 1975)), but "Rule

41(a)(2) . . . precludes a plaintiff from dismissing a lawsuit without the court's permission if either an answer or a motion for summary judgment has been served on the plaintiff and the defendant does not consent to dismissal," *Hyde v. Hoffman-LaRoche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007) (footnote omitted).

In this case, Defendants Marion Williams and Patricia Aristumuno filed an Answer on August 11, 2014, an Amended Answer on August 14, 2014, and a Second Amended Answer on September 13, 2014, and stated in each that they served a copy of the answer on Plaintiff Layton. Defendants Robert Stevens and Brad Livingston, however, have not filed an answer or a motion for summary judgment.

"Dismissal under Rule 41(a)(1) is 'a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.'" *Bailey v. Shell Western E & P, Inc.*, 609 F.3d 710, 719 (5th Cir. 2010) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)). The designation of a dismissal request under Rule 41(a)(1) as a "motion" rather than a "notice" and the failure of the plaintiff to state that he is pursuing dismissal under Rule 41(a)(1) will not defeat a request for voluntary dismissal under Rule 41(a)(1). *See Carter v. United States*, 547 F.2d 258, 259 n. 2 (5th Cir. 1977) (stating that a district court should find no significance in the fact that a plaintiff's *pro se* motion cites Rule 41(a)(2) rather than 41(a)(1) or in his styling of the document as a "motion to dismiss" rather than a "notice of dismissal" because "[t]o hold otherwise would constitute an unjustly technical construction of a *pro se* document"). Thus, a motion or notice to dismiss filed pursuant to Rule 41(a)(1) is "effective when the notice [i]s filed" even if the court does not act on the notice or motion. *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (citation omitted).

3

Although Defendants Stevens and Livingston filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiff's alleged failure to state a claim, the filing of a motion to dismiss pursuant to Rule 12 is not sufficient to extinguish Plaintiff's unequivocal right to dismiss defendants who have not filed an answer or a motion for summary judgment unless this Court converts the motion to dismiss to a motion for summary judgment. *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979). The Court has reviewed the Rule 12(b)(6) motion filed by Defendants Stevens and Livingston and finds that it is properly brought as a motion under Rule 12(b)(6) and Defendants did not attach any evidence to the motion that would permit this Court to convert the motion to a motion for summary judgment.

Finally, the Court notes that the Fifth Circuit Court of Appeals has "allowed a plaintiff to file a voluntary notice of dismissal under Rule 41(a)(1) against a defendant who has not filed an answer or motion for summary judgment, despite the fact that the case would remain pending against another defendant." *Id.* at 662 (citing *Plains Growers, Inc. v. Ickes-Braun Glasshousesxs, Inc.*, 474 F.2d 250 (5th Cir. 1973)).

Accordingly, Plaintiff's "motion" for a voluntary dismissal is properly filed under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Defendants Robert Stevens and Brad Livingston should be dismissed without prejudice from this civil action. *See Thomas v. Phillips*, 83 Fed. Appx. 661, 2003 WL 22965565, at *2 (5th Cir. 2003) (finding that a district court erred in denying a *pro se* plaintiff's motion to dismiss his civil rights complaint under Rule 41(a)(1) where the defendant had not filed an answer or a motion for summary judgment, there was nothing in the record to suggest that the exceptions in Rule 41(a)(1) applied, and the plaintiff had an absolute right to have his case dismissed without prejudice); *Carter v. United States*, 547 F.2d at 259 (holding that a district court

4

erred when it refused to dismiss a complaint pursuant to plaintiff's request for a voluntary dismissal when defendants did not file an answer or a motion for summary judgment but only a motion to dismiss).

Because Defendants Marion Williams and Patricia Aristumuno, however, filed answers and served the Plaintiff, Plaintiff's request for a voluntary dismissal may not be granted under Rule 41(a)(1) but may be granted under Federal Rule of Civil Procedure 41(a)(2) "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Rule 41(a)(2) gives a district court the option of entering a voluntary dismissal with or without prejudice." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195 (5th Cir. 2011) (citation omitted). "Before requiring a Rule 41(a)(2) dismiss to be with prejudice, [however,] a court must allow a plaintiff the opportunity to retract his motion to dismiss." *In re FEMA Trailer Formaldahyde Products Liability Litigation*, 628 F.3d 157, 163 n. 4 (5th Cir. 2010) (citing *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002)).

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d at 317. "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case or where a subsequent refiling of the case would deprive the defendant of a limitations defense." *Harris v. Devon Energy Production Co., L. P.*, 500 Fed. Appx. 267, 278 (5th Cir. 2012). "[P]lain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense." *Id.* (citation omitted). Thus, when "faced with a Rule 41(a)(2) motion[,] the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d at 317 (footnote omitted). "If not,

it should generally, absent some evidence of abuse by the movant, grant the motion." *Id.* "If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id.* at 317-18. "When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (citation omitted).

In this case, Plaintiff does not provide any reasons or explanations for seeking a dismissal at this late stage in the proceedings. The fact that he seeks a dismissal at this stage – almost 1 year after he filed the complaint on April 11, 2014; over 7 months after Defendants filed their answers; over 4 months after Defendants filed responses to his Motion for Appointment of Counsel and Motion for Summary Judgment and filed their initial disclosures – militates against dismissing this civil action without prejudice. Furthermore, it is not entirely clear whether a dismissal without prejudice in this case will not operate as a dismissal with prejudice to bar Plaintiff from refiling his claims because of the applicable statute of limitations. *See Hatchet v. Nettles,* 201 F.3d 651, 652-53 (5th Cir. 2000) (citing *Long v. Simmons,* 77 F.3d 878, 879-80 (5th Cir. 1996) (holding that a dismissal without prejudice may operate as a dismissal with prejudice if a plaintiff will be barred from refiling a civil action due to an expiration of the applicable statute of limitations). Nevertheless, the failure of Defendants Williams and Aristumuno to file a reply or objections to Plaintiff's Motion to Dismiss, and their concomitant failure to oppose the motion or affirmatively show that they will suffer "plain legal prejudice" from a dismissal, along with the record's failure to expressly reveal that Defendants will suffer "plain legal prejudice" or lose any ability to defend

6

against Plaintiff's claims in a subsequent action, counter the finding that the dismissal comes at a stage too late in the proceedings to warrant granting Plaintiff's motion to voluntarily dismiss Defendants Williams and Aristumuno. Accordingly, the Court finds that Plaintiff's motion to voluntarily dismiss Defendants Marion Williams and Partricia Aristumuno should be granted and said defendants should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

## II.
## Conclusion

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's Motion to Dismiss is GRANTED; Defendants Brad Livingston and Robert Stevens and all claims alleged against them in this civil action are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1); and Defendants Marion Williams and Patricia Aristumuno and all claims alleged against them in this civil action are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

2. Defendants Stevens and Livingston's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied and dismissed as moot.

3. Plaintiff's Motion for Appointment of Counsel, Motion to Amend, and Motion for Summary Judgment are denied and dismissed as moot.

4. All pending motions not previously ruled on are denied.

5. The dismissal of this civil action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal

in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *Hatchet v. Nettles*, 201 F.3d at 654 ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

Judgment shall be entered accordingly.

Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the Prison Litigation Reform Act, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files the notice of appeal.

Dated March 31, 2015.

SAM R. CUMMINGS
Senior United States District Judge